IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO AMELIO, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 21-906 |
| | ) | Civil Action No. 21-1581 |
| v. | ) | Civil Action No. 21-1648 |
| | ) | |
| RONDA J. WINNECOUR, | ) | |
| *Trustee*, | ) | |
| | ) | Appeals Related to: |
| Appellee. | ) | Bankruptcy Case No. 20-23552 |
| | ) | Bankruptcy Case No. 21-22269 |

**MEMORANDUM AND ORDER OF COURT**

*Pro se* Appellant Alfonso Amelio ("Amelio") filed three separate appeals of the dismissal of his two cases before Bankruptcy Judge Gregory L. Taddonio in the United States Bankruptcy Court for the Western District of Pennsylvania at Bankruptcy Case Nos. 20-23552 and 21-22269. The appeals are docketed here in the District Court at Civil Action Nos. 21-906 ("Appeal One"), 21-1581 ("Appeal Two"), and 21-1648 ("Appeal Three"). Presently before the Court is Amelio's motion to reinstate Appeal One, which the Court previously dismissed. (Civil Action No. 21-906, Docket No. 9 (hereinafter, "Motion to Reinstate Appeal One")). For the reasons set forth herein, that motion is denied.

Also pending before this Court are Amelio's three motions to consolidate his appeals, each motion seeking to combine and consolidate Appeals Two and Three with Appeal One. (Civil Action Nos. 21-906, Docket No. 12; 21-1581, Docket No. 4; 21-1648, Docket No. 5 (hereinafter, "Motions to Consolidate Appeals")). Appellee Ronda J. Winnecour, Trustee (the "Trustee") did

1

not file a response to any of these motions, so Amelio filed a "Certificate of No Objection" in each case. (Civil Action Nos. 21-906, Docket No. 14; 21-1581, Docket No. 6; 21-1648, Docket No. 7). However, because the Court is denying Amelio's Motion to Reinstate Appeal One, Amelio's Motions to Consolidate Appeals are denied as moot.

Additionally, pending at Appeal Two is Amelio's "Affirmation in Support of Appellant's Motion for Thirty (30) Day Extension of Time Pursuant to Rule 6(b) to File Opening Brief," which the Court construes as a motion for an extension of time to file a brief. (Civil Action No. 21-1581, Docket No. 3). That motion is granted.

I.     BACKGROUND

Appeal One arises from Amelio's bankruptcy proceedings at Bankruptcy Case No. 20-23552 and his putative appeal of Judge Taddonio's June 18, 2021 "Order (A) Dismissing the Bankruptcy Case; and (B) Directing the Debtor [Amelio] to Show Cause Why the Dismissal Should Not Be with Prejudice" (hereinafter, the "Bankruptcy Court Order"). (Civil Action No. 21-906, Docket No. 1-2 at 26-29 (Bankruptcy Case No. 20-23552, Docket No. 134)).

This Court initially dismissed that appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8009 and Local Bankruptcy Rule 8007-2(B)(3), and for failure to pay the filing fee prescribed by 28 U.S.C. § 1930 (b) and (c). (Civil Action No. 21-906, Docket No. 4). Amelio then filed an "Affirmation in Support of Motion for Leave for Reinstatement of Appeal for Payment of Appeal Filing Fee and Filing Appellant's Designation of Contents for Inclusion in Record on Appeal, Out of Time." (Civil Action No. 21-906, Docket No. 5). Thereafter, the Trustee filed a response. (Civil Action No. 21-906, Docket No. 7). Amelio next filed the pleading that this Court construes as a Motion to Reinstate Appeal One, which is entitled "Affirmation in

Reply to Trustee's Response to Affirmation in Support of Motion for Leave for Reinstatement of Appeal for Payment of Appeal Filing Fee and Filing Appellant's Designation of Contents of [sic] for Inclusion in Record on Appeal, Out of Time and Combining Related Appeals Filed November 2, 2021, in this Case, and November 4, 2021 in Case No.: 21-22269."[1]  (Civil Action No. 21-906, Docket No. 9).

## II.     DISCUSSION

Amelio contends that his dismissed Appeal One should be reinstated because he is *pro se* and purportedly has disabilities, medical issues and COVID hardship worthy of less stringent standards regardless of untimeliness or deficiencies in his pleadings, and because he ultimately paid the filing fee and filed with the Bankruptcy Court a "Designation of Contents For Inclusion in Record On Appeal."  (Civil Action No. 21-906, Docket Nos. 5, 9 (citing Bankruptcy Case No. 20-23552, Docket Nos. 194, 195, 196)).  In response, the Trustee contends that Amelio failed to show excusable neglect, and that the Bankruptcy Court Order that Amelio is appealing was not a final appealable order.  The Court agrees with the Trustee.

Amelio has not established excusable neglect for failing to abide by applicable statutory and procedural rules to commence his appeal.  "Whether neglect is 'excusable' in a bankruptcy context is an equitable inquiry, which must take into account 'all relevant circumstances surrounding the party's omission.'"  *In re Straub*, Civil Action No. 14-6607, 2015 WL 1279510, at *2 (E.D. Pa. Mar. 19, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Wylie v. Transunion, LLC*, Case No. 3:16-cv-102, 2017 WL 4357981, at *5 (W.D. Pa. Sept. 29, 2017) (citing Fed. R. Civ. P. 6(b)(1)(B) and applying factors

---

[1]     The reference to "Case No.:21-22269" presumably refers to Bankruptcy Case No. 21-22269.

pronounced by the United States Supreme Court in *Pioneer Inv. Serv. Co.*, 507 U.S. at 395, articulating the following four factors when considering whether a party's neglect is excusable: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith").

While there is no discernable prejudice to the Trustee nor a material delay to the proceedings, the Court concludes that the reasons Amelio proffers for his deficient and untimely appeal are wholly inadequate and thus inexcusable. Considerations for analyzing whether a litigant's "reason for the delay," to discern if such neglect is excusable, include whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; whether the tardiness results from a failure to provide for a readily foreseeable consequence; whether the inadvertence reflects a complete lack of diligence; or whether the court is satisfied that the inadvertence resulted despite substantial good faith efforts towards compliance. *See In re Straub*, 2015 WL 1279510, at *3-5.

First, this is not an instance in which the Court is asked to liberally construe an unartfully worded pleading because of Amelio's *pro se* status. Amelio was required to pay a filing fee and satisfy certain requirements by a specified deadline as set forth in the applicable rules of court, yet he failed to do so. *See McNeil v. United* States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* litigants cannot flout procedural rules – they must abide by the same rules that apply to all other litigants). Furthermore, Amelio is a very experienced

4

bankruptcy court litigant. As Judge Taddonio noted, Amelio, his brothers,[2] and an affiliate have been parties to twelve bankruptcy proceedings since March 29, 2013. (Civil Action No. 21-906, Docket No. 1-2 at 28 (Bankruptcy Case No. 20-23552, Docket No. 134 at 3)). Amelio surely knows that filing fees and deadlines are required for bankruptcy appeals as he previously filed at least one appeal and his brother Carmine has filed several appeals. (*Id.*). Under these circumstances, Amelio's *pro se* status does not excuse his neglect.

Amelio also refers to his and/or his brother's disabilities, medical issues and COVID hardship to excuse his neglect. However, Amelio's self-characterization in this regard lacks specificity and is devoid of any particularized explanation establishing how or why such conditions thwarted him from timely adhering to the requisites for his appeal. Amelio simply has not established excusable neglect on the current record.

Even if Amelio could have established excusable neglect, the Trustee also opposes his Motion to Reinstate Appeal One on the basis that the underlying Bankruptcy Court Order at issue is not a final appealable order, and 28 U.S.C. § 158 (a) only grants jurisdiction to this Court to hear appeals from "*final* judgments, orders, and decrees" (emphasis added). Again, the Court agrees with the Trustee.

The United States Court of Appeals for the Third Circuit has adopted a flexible, pragmatic approach to finality in the bankruptcy context. *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 308 (3d Cir. 2018) (citing *Century Glove, Inc. v. First American Bank of N.Y.*, 860 F.2d 94, 97 (3d Cir. 1988)). Relevant factors for this inquiry include: "'(1) the impact of the matter on the

---

2   Amelio asserts that he is reliant on his brother Carmine for assistance in representing him in this matter. (Civil Action No. 21-906, Docket Nos. 5 at 1, 9 at 1).

assets of the bankruptcy estate; (2) the preclusive effect of a decision on the merits; and (3) whether the interests of judicial economy will be furthered' by an immediate appeal." *See id*. (quoting *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314 (3d Cir. 2011)) (additional citation and quotation marks omitted). "The ultimate question, however, is whether the order 'fully and finally resolved a discrete set of issues, leaving no related issues for later determination.'" *Id*. at 308-09 (quoting *In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990)).

Here, the Bankruptcy Court Order dismissed Amelio's case and further questioned whether Amelio "is engaged in a pattern of bankruptcy abuse," and therefore directed Amelio to appear in person at a hearing to show cause why the Bankruptcy Court "should not dismiss the case *with prejudice* and prohibit [him] from commencing another bankruptcy case for a period of up to two years." (Civil Action No. 21-906, Docket No. 1-2 at 28 (Bankruptcy Case No. 20-23552, Docket No. 134 at 3) (emphasis added)). Clearly remaining for later determination was whether the Bankruptcy Court's dismissal of Amelio's case would be with or without prejudice, and whether Amelio would be precluded from commencing another bankruptcy case for a period of up to two years. Under the circumstances unique to this case, the Court finds that the interests of judicial economy are furthered by exercising appellate review after the Bankruptcy Court conducts the show cause hearing and makes the prejudice/without prejudice and debarment determinations, rather than first reviewing the Bankruptcy Court's ostensibly interim decision without the benefit of the show cause hearing and then reviewing the Bankruptcy Court's decision a second time after it makes its final decisional act.[3]

---

[3] After this Court dismissed Amelio's appeal in Civil Action No. 21-906, the Bankruptcy Court held a show cause hearing and entered an Order on October 20, 2021, dismissing Amelio's case with prejudice and prohibiting him from filing another bankruptcy case for two years. (Civil Action No. 21-1581, Docket No. 1-2 (Bankruptcy Case

6

### III.     CONCLUSION

Accordingly, based on the foregoing, Amelio's Motion to Reinstate Appeal One is denied. Because Amelio's Motion to Reinstate Appeal One is denied, Amelio's Motions to Consolidate Appeals are denied as moot.  Additionally, Amelio's motion for an extension of time to file his brief in Appeal Two is granted.  Finally, as to Appeal Three, if Amelio fails to pay the required filing fee, that Appeal will be dismissed.

### ORDER OF COURT

AND NOW, this 30th day of August, 2022, IT IS HEREBY ORDERED that Appellant Alfonso Amelio's Motion to Reinstate Appeal One, his appeal of the Bankruptcy Court's Order dated June 18, 2021 at Bankruptcy Case No. 20-23552, Docket No. 134, (Civil Action No. 21-906, Docket No. 9) is DENIED.

IT IS FURTHER ORDERED that Appellant's Motions to Consolidate Appeals (Civil Action Nos. 21-906, Docket No. 12; 21-1581, Docket No. 4; and 21-1648, Docket No. 5) are DENIED AS MOOT.

IT IS FURTHER ORDERED that Amelio's motion for an extension of time to file his brief in Appeal Two (Civil Action No. 21-1581, Docket No. 3) is GRANTED, and such brief shall be filed by **September 20, 2022**.

IT IS FURTHER ORDERED, as to Appeal Three (Civil Action No. 21-1648), that Amelio shall pay the required filing fee by **September 20, 2022**.  The Court notes that Amelio was notified

---

No. 20-23552, Docket No. 207)).  Amelio also filed a Notice of Appeal pertaining to this Order on November 2, 2021. (Civil Action No. 21-1581, Docket No. 1, 1-1 (Bankruptcy Case No. 20-23552, Docket No. 210)).

of the requirement to pay the filing fee prescribed by 28 U.S.C. § 1930(b) and (c), (*see* Civil Action No. 21-1648, Docket No. 1-1 at 15).  If Amelio fails to pay the required filing fee by that date, Appeal Three will be dismissed (*see* Fed. R. Bankr. P. 8003(a)(2) and (a)(3)(C) (specifying requirements for notice of appeal, including that it must be accompanied by the prescribed fee, and authorizing dismissal for failure to take such steps)).

    *s/ W. Scott Hardy*
    W. Scott Hardy
    United States District Judge

cc/ecf:  All counsel of record

    Alfonso Amelio (via U.S. mail)
    32 Main Street
    New Milford, CT  06776

    The Honorable Gregory L. Taddonio, United States Bankruptcy Judge